OPINION OF THE COURT
Shirley Fingerhood, J.
Petitioner pursuant to CPLR article 78 asks this court to annul the determination of respondent to deny petitioner’s application to renew its liquor license. Petitioner, the operator of Studio 54, has had a license to sell liquor since 1977.
In 1979, three principals and officers of the petitioner corporation, its president, vice-president and secretary-treasurer, entered a guilty plea to Federal felony charges concerning income tax fraud. The charges related to petitioner’s receipts, books and records.
*1026 Shortly thereafter, respondent initiated proceedings to revoke petitioner’s license. While the proceedings were pending, petitioner applied for a renewal of its license. Respondent forwarded a “Renewal Stipulation” to petitioner which provided that any renewal of the license was without prejudice to the prosecution of the revocation proceeding and the investigation therefor. Although petitioner signed the stipulation, and believed the result would be issuance of the renewal, respondent did not sign and the renewal was denied.
In its written determination the grounds for refusal to grant the renewal included the Federal crimes referred to above and certain conclusions based on an admission by petitioner’s president that drugs could be procured on the premises.
This court, in a CPLR article 78 proceeding, cannot substitute its judgment for that of respondent agency; its function is solely to decide whether the agency’s determination was arbitrary and capricious. (Matter of Farina v State Liq. Auth., 20 NY2d 484, 491.)
Petitioner cannot claim unfairness because it had no notice that the felonies of its officers would result in non-renewal. An application for a license is required to include a statement that the applicant has not been convicted of a felony or specified misdemeanors. (Alcoholic Beverage Control Law, § 110.) Section 126 of the Alcoholic Beverage Control Law forbids traffic in alcoholic beverages by a corporation if its officers or principals have been convicted of a felony unless they have been pardoned or received good conduct certificates from parole authorities. Accordingly, petitioner’s argument that such felonies alone do not warrant denial of the license renewal is without merit.
Petitioner also argues that respondent may not refuse to renew during the pendency of the license revocation proceeding. Petitioner cites no legal authority for that contention and the court has found none. Nonetheless, respondent does not, as it claims, have the same discretion when considering the renewal of a liquor license as it has when deciding to issue a license. “A procedural rule that *1027 may satisfy due process in one context may not necessarily satisfy procedural due process in every case.” (Bell v Burson, 402 US 535, 540.) Once a liquor license has been issued, failure to renew becomes, in substance, the termination of an entitlement.
Accordingly, if on the basis of a state of facts, alleged and to be proved, a governmental agency may deprive a business of a license required for its continuance, an appropriate hearing must precede its determination. (Hart Twin Volvo Corp. v Commissioner of Motor Vehicles, 165 Conn 42.)
“This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a ‘right’ or a ‘privilege’.” (Bell v Bur son, supra, at p 539.)
In Bell, the Supreme Court of the United States struck down a Georgia statute which required the suspension of an uninsured motorist’s driver’s license who was in an accident unless he posted security to cover the amount of damages claimed by an aggrieved party in the accident report. The statute afforded the licensee no hearing on the question of fault or liability.
Nonetheless, the court clearly indicated that the statute could constitutionally require that licenses could be denied to all uninsured motorists and could be revoked after the determination of fault or liability had been made by judicial procedures.
The present case is one in which the prerequisite statutory finding of a felony is of necessity the result of a judicial procedure. Petitioner’s principals have entered guilty pleas to a felony charge; those felonies are a matter of public record. No facts with respect thereto need to be proved and therefore a hearing is not constitutionally required.
Whether the State Administrative Procedure Act imposes additional procedures than those constitutionally mandated on respondent’s licensing activities has been argued by both parties. Passed in 1975 and amended in 1976, the effect of that act on licensing procedures has not been construed by our appellate courts.
*1028 Pursuant to subdivision 2 of section 401 of the State Administrative Procedure Act, petitioner’s license does not expire “until the last day for seeking review of the agency order”. Respondent has not made the requisite finding under subdivision 3 of section 401 that emergency action is “imperatively require [d]”. Respondent’s argument that section 401, entitled “Licenses”, applies only to “adjudicatory proceedings” is not convincing unless the issuance of licenses and their renewal is an “adjudicatory proceeding”. The statute is not entirely clear: in subdivision 3 of section 102 of the State Administrative Procedure Act, “adjudicatory proceeding” is defined as “any activity which is not a rule making proceeding or an employee disciplinary action” (the exceptions are not pertinent here). Subdivision 1 of section 301 states: “1. In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within [a] reasonable time.” The section continues by requiring detailed and specific notice; an opportunity for legal argument and presentation of evidence. Other sections which follow require a record and regulate other aspects of the hearing procedure.
Respondent has not afforded petitioner the hearing thus required. It points to subdivision 1 of section 401 of the State Administrative Procedure Act which states: “When licensing is required by statute to be preceded by notice and opportunity for hearing, on the record, the provisions of this chapter concerning adjudicatory proceedings apply.” If, as it appears, any licensing is an adjudicatory proceeding (not being “rule making” or an “employee disciplinary action”), subdivision 1 of section 401 is redundant.
A quick perusal of the decisions of the courts of other States which have adopted similar statutes (based on the Model State Administrative Procedure Act) indicates that the statute has been interpreted to require hearing when an administrative agency must determine an applicant’s fitness in accordance with a statutory standard such as fitness, good moral character or adverse affect on the health and welfare of persons frequenting the premises. (Cf. Hart Twin Volvo Corp. v Commissioner of Motor Vehicles, 165 Conn 42, supra; Kopff v District of Columbia Alcoholic *1029 Beverage Control Bd., 287 A2d 535 [DC CA].) This is not such a case because the felonies of petitioner’s principals and officers require denial of its license renewal under the statute.
Petition is dismissed.